# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN R. SIMMONS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KEVIN BROWN, BLACK KNIGHT SEC., ) <br> INC. ) <br> ) <br> Defendants. | Civil Action No. 19-354 <br> Judge Nora Barry Fischer |

## MEMORANDUM OPINION

Presently before the Court is *pro se* Plaintiff Alvin R. Simmons' Amended "Application to Proceed in District Court Without Prepaying Fees or Costs," (Docket No. [1]), with attached Complaint, filed on April 2, 2019. (Docket No. [1]). After careful consideration of Plaintiff's submissions, and for the following reasons, Plaintiff's Motion [1] is granted as to the in forma pauperis status of pro se Plaintiff Alvin R. Simmons, Jr., only, but his Complaint is dismissed, without prejudice, for failure to state a claim upon which relief can be granted.

In so holding, the Court notes that 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Therefore, pursuant to this statute, the Court must dismiss a case "if it lacks arguable merit in fact or law." *Stackhouse v. Crocker*, 266 F.App'x. 189 (2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). The standard of review for failure to state a claim under

section 1915(e)(2) is the same as under Rule 12(b)(6). *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

In this Court's estimation, Plaintiff's Complaint is subject to dismissal for failure to state a claim because he has not articulated sufficient facts to state a plausible claim for relief against Defendants Kevin Brown or Black Knight Sec., Inc.. 28 U.S.C. § 1915(e)(2). To this end, Plaintiff avers that he is a Pennsylvania citizen but does not specify the address of Defendants, noting only in the Civil Cover Sheet that Defendants are residents of Allegheny County. Hence, it appears that the parties are not completely diverse, precluding the exercise of subject matter jurisdiction on the basis of diversity of citizenship. Plaintiff claims that he is pursuing a "civil rights" claim against Defendants but the entirety of the allegations set forth in his "Statement of Claim" and "Relief" sections of his Complaint are as follows:

> On Going Harassment & Bais (sic) and Hate & stop me from enter (sic) the A.G.H. for medical treatment many times on or about

2

> Feb. 1, 2019 (illegible) of old Black Gay man in U.S.A. & Hate & Bais (sic)
>
> Settle in Damages requested denied enter to medical treatment for Heart and other Health Needs at Allegheny Net Health Many times By Kevin Brown.

(Docket No. 1-1 at 4). This case is similar to one Plaintiff filed earlier this year against Amy McCain, which was initially dismissed for failure to state a claim. *See Alvin R. Simmons, Jr. v. Amy McCain,* Civ. A. No. 19-13, Docket No. 5 (W.D. Pa. Jan. 18, 2019). In that action, the Court found the following allegations to be deficient, subjecting the case to dismissal:

> Violation of Civil Rights And Bais (sic) of my color and age and gay old Black Man in U.S.A. And on going Harrassment (sic) And Hate And Treatment and Denied Care and more 12-4-2018.
> …
> Seek Damages over $75,000 and request she Be removed of Her Job as well at Health Hosp Due to Hate of some old Black Man.

(*Id.*). As in that case, Plaintiff has not sufficiently alleged that Kevin Brown or Black Knight Sec. Inc. are state actors subject to suit under 42 U.S.C. § 1983. *See e.g., Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) ("to state a claim of liability under § 1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor."). It further appears to the extent that Defendants are private actors, that much of the conduct complained of (alleged sexual harassment and bad treatment of a customer) is not covered by any federal statutes such that this matter must be dismissed. *See e.g., Slaughter v. County of Allegheny*, 2014 WL 12595314, at *3 (W.D. Pa. Sept. 4, 2014) (citing cases for proposition that Title VII addresses unequal treatment of employees not customers). Insofar as Plaintiff complains of racial discrimination, he has not pled sufficient facts to state an actionable claim under 42 U.S.C. § 1981 against private actors. *See Spencer v. Bloomingdale's King of Prussia*, 2017 WL 6525797, at *3

3

(E.D. Pa. Dec. 21, 2017) ("To establish a prima facie case under § 1981, [a plaintiff] must allege: (1) that he is a member of a racial minority; (2) that defendant intended to discriminate against him on the basis of race; and (3) that the discrimination abridged his right to make and enforce a contract."). Rather, Plaintiff's Complaint is wholly conclusory and does not follow the guidance of the civil complaint form to "[w]rite a short and plain statement of the claim…. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct." (Docket No. 1-1 at 4). All told, Plaintiff has not provided the "who, what, where, why and when" of what occurred on 2-1-19 setting forth the essential facts of the claim that he wishes to pursue against Kevin Brown or Black Knight Sec., Inc. *See Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (applying standards of *Iqbal* and *Twombly* to *pro se* complaint).

For these reasons, the Court finds that Plaintiff's Complaint is subject to dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and Rule 12(b)(6). The Court further holds that leave to amend will be permitted so that Plaintiff can have an opportunity to cure the deficiencies set forth in his Complaint and outlined herein. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer, U.S. District Judge

cc/ecf: Alvin R. Simmons, Jr., pro se
6900 Riverside Pl.
Pittsburgh, PA 15225
(first class mail).

4